UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERI ARLEEN LEPELTAK,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No.  2:20-cv-01503 CKD (SS)<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  The parties have consented to magistrate judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1965, applied on December 8, 2017 for DIB, alleging disability beginning on December 1, 2015; she later amended the onset date to December 12, 2016. Administrative Transcript ("AT") 20, 178-84.  Plaintiff alleged she was unable to work due to lack of cartilage in both knees, back surgery for excess skin, bad circulation in both legs, swollen

legs, and leg pain. AT 178, 204. In a decision dated August 19, 2019, the ALJ determined that plaintiff was not disabled.[1] AT 20-31. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since December 12, 2016, the amended alleged onset date.
>
> 3. The claimant has the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, degenerative joint disease in her bilateral knees, varicose veins, lower extremity venous insufficiency, and obesity.
>
> 4. The claimant does not have an impairment or combination of

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

> impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, except for the following: she can never climb ladders, ropes, or scaffolds. She can never crouch, crawl, or kneel. She can occasionally climb stairs, balance, and stoop. She must avoid concentrated exposure to extreme heat, humidity, and hazards such as unprotected heights and heavy machinery.
>
> 6. The claimant is capable of performing pat relevant work as a Bookkeeper as generally performed in the national economy.[2] This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from December 12, 2016, through the date of this decision.

AT 22-31.

ISSUES PRESENTED

Plaintiff argues that the ALJ erred in failing to limit plaintiff to six hours of sitting per day, such that the determination of nondisability is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

---

[2] The ALJ relied on the VE's testimony classifying plaintiff's past work as Bookkeeper (sedentary work, skilled, Specific Vocational Preparation (SVP) 6, DOT code 210.382-014. AT 30.

rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff testified that she had difficulty sitting for longer than 20 to 30 minutes, and that she needed to elevate her legs to waist level due to poor circulation. AT 25, 44-45, 50, 53. The RFC did not limit plaintiff's ability to sit during an eight-hour workday. Plaintiff argues that the ALJ erred in failing to limit sitting in the RFC, such that the ALJ's determination that plaintiff could perform the sedentary job of bookkeeper was not supported by substantial evidence.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4). An ALJ is required to make fairly detailed findings in support of his decision to allow for meaningful judicial review. Vincent v. Heckler, 739 F.2d 1393, 1394 (9th Cir. 1984). The findings must be sufficiently specific to permit the court to

conclude that the findings are not arbitrary.  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).  The ALJ is also tasked with "translating and incorporating clinical findings into a succinct RFC."  Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015).

In September 2016, three months prior to the amended alleged onset date, Dr. Shahid Ali conducted an internal medicine evaluation of plaintiff.  AT 531-534.  He diagnosed a history of gastric bypass, knee pain, and DVT (deep vein thrombosis).  AT 534.  Dr. Ali opined that plaintiff had limitations as to lifting, carrying, standing, walking, climbing, and other functions, but could sit without limitation.  AT 534.  The ALJ found this opinion "partially persuasive," but declined to adopt Dr. Ali's finding that plaintiff could perform light work, reasoning that "subsequent evidence indicated that the claimant was more limited.  For example, more recent evidence showed moderately severe degenerative changes in her right knee and severe degenerative changes in her left knee.[3]  These medical images suggested a greater limitation in her exertional ability."  AT 29.  While rejecting light work as too strenuous, the ALJ found several of Dr. Ali's opined limitations "consistent with [plaintiff's] long history of treatment for pain in her legs related to her vascular impairments."  AT 29.

Nearly two years later, in April 2018, State agency consultative examiner Dr. Q. Nguyen reviewed plaintiff's medical file.  AT 83-85.  Dr. Nguyen opined that, among other limitations, plaintiff could sit for a total of about six hours in an eight-hour workday.  AT 83.  In May 2018, State agency consultative examiner Dr. I. Herman reviewed the file on reconsideration and adopted most of Dr. Nguyen's opinion, including the limitation on sitting.  AT 94.  The ALJ summarized these medical opinions in his decision but made no mention of the opined limitations on sitting.  AT 28.  The ALJ found both opinions unpersuasive, as they were "based on the limited amount of evidence available at that time."  AT 28.

In May 2019, Erica Haedrich, P. A., completed a physical RFC questionnaire for plaintiff.  Among other limitations, she opined that plaintiff could sit for 10 to 15 minutes at a time and would require her legs to be elevated at 30 degrees for up to half the workday.  AT 28, citing AT

---

[3] Citing AT 309.

5

1   499-503.  The ALJ found this opinion unpersuasive, reasoning that the opined limitations as to

2   "elevating her feet and breaks are not supported by her treatment history; she used prescription

3   medication for her pain."  AT 28.

4       Despite plaintiff's hearing testimony about difficulty sitting and three doctors opining that

5   plaintiff had sitting limitations within the alleged period of disability, the ALJ did not incorporate

6   any such limitations in the RFC.  Insofar as the ALJ may have implicitly adopted Dr. Ali's

7   opinion that plaintiff had no sitting limitations, he did not explain why this aspect of Dr. Ali's

8   "partially persuasive" opinion should be credited.  Nor did the ALJ acknowledge that, two years

9   after Dr. Ali examined plaintiff, the State agency physicians limited her to six hours of sitting per

10  day, even though the ALJ found that recent degenerative changes in plaintiff's knees rendered her

11  more functionally limited than when Dr. Ali examined her.  The ALJ was required to explain why

12  the RFC's lack of a limitation on sitting was not arbitrary.  See Social Security Ruling 98-6p ("If

13  the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain

14  why the opinion was not adopted.").

15      Defendant does not contend that the ALJ silently adopted Dr. Ali's finding that plaintiff

16  had no limitations on sitting.  (ECF No. 22 at 7.)  Rather, defendant argues that an RFC for

17  sedentary work "intrinsically and implicitly means that an individual is limited to sitting for

18  approximately six hours of an eight-hour day[.]"  (Id.)  Defendant argues that a sedentary job such

19  as bookkeeper is consistent with Dr. Nguyen's and Dr. Herman's opinions that plaintiff could sit

20  for about six hours in an eight-hour workday (with normal breaks), even though the RFC contains

21  no explicit limitation on sitting.  (Id. at 9.)  In essence, defendant argues that a six-hour sitting

22  limitation is "baked into the cake" of an RFC for sedentary work, such the ALJ did not need to

23  include it as a functional limitation or incorporate it in his hypothetical to the VE.

24      Under 20 C.F.R. § 404.1567(a), sedentary work "involves lifting no more than 10 pounds

25  at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.

26  Although a sedentary job is defined as one which involves sitting, a certain amount of walking

27  and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and

28  standing are required occasionally and other sedentary criteria are met."  (Emphasis added.)

6

Social Security Ruling 83–10 defines "occasionally" as "occurring very little up to one-third of the time." "[P]eriods of standing or walking should generally total no more than about 2 hours of an 8–hour workday, and sitting should generally total approximately 6 hours of an 8–hour workday." Id.

The Ninth Circuit has held that, "[i]n a work environment requiring sedentary work, the Social Security Rules require necessary sitting as the ability to do such for six to eight hours a day." Vertigan v. Halter, 260 F.3d 1044, 1052 (9th Cir. 2001), citing SSR 83–10. "While some sedentary jobs may require some walking and/or standing, others may not require any. Thus, to be physically able to work the full range of sedentary jobs, the worker must be able to sit through most or all of an eight hour day." Tackett v. Apfel, 180 F.3d 1094, 1103 (9th Cir. 1999). As a court in this district has explained,

> "[A] person who is unable to sit for prolonged periods of time is incapable of engaging in the full range of sedentary work." Auckland [v. Massanari, 257 F.3d 1033,] 1035 [(9th Cir. 2001)] (citing SSR 83–12). However, such a limitation does not necessitate a finding of disability in every case. Martinez v. Heckler, 807 F.2d 771, 774–75 (9th Cir.1986) (affirming the determination that the claimant, who needed to alternate sitting and standing, was not disabled where there existed 3,750 to 4,250 jobs in the greater metropolitan area which the claimant could perform with his limitation). If the claimant is capable of transferring his work skills to jobs in which a person can sit or stand with a degree of choice, the claimant will not be found disabled. Auckland, 257 F.3d at 1036. In circumstances where a claimant is unable to sit for prolonged periods, the services of a vocational expert are required in order to determine whether there are jobs that exist in significant numbers in the national economy that would permit the claimant to sit or stand with the requisite degree of choice. Id. at 1035 (citing SSR 83–12); Martinez, 807 F.2d at 774.

Smith v. Astrue, No. CIV S–06–2373 DAD, 2009 WL 928323, at *4 (E.D. Cal. April 6, 2009).

Here, the VE testified that an individual with plaintiff's RFC (i.e., "capable of sedentary work") could perform her past work as a bookkeeper as the job is generally performed. AT 31, 64-65. The VE further testified that "as generally performed the job of bookkeeper requires standing and walking up to two hours a day." AT 68 (emphasis added). This formulation suggests that some bookkeepers stand and walk less than two hours a day, and therefore sit more than six hours a day. However, the ALJ never questioned the VE about whether someone limited to six hours of sitting in an eight-hour workday could perform the job of bookkeeper as generally

7

performed, nor was this issue presented in any hypothetical question to the VE.  See SSR 98-6p ("without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy").  The court declines to adopt defendant's position that an RFC with no sitting limitation actually meant a six-hour sitting limitation, and that the VE understood this unstated six-hour limitation to exist when testifying about plaintiff's ability to perform sedentary work as a bookkeeper.  Plaintiff is entitled to remand for further administrative proceedings on this issue.  On remand, the ALJ should either explicitly reject a six-hour sitting limitation and explain why, or include a six-hour sitting limitation in the RFC, explain why, and incorporate it into a hypothetical question to the VE.

CONCLUSION

    For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;
2. The Commissioner's cross-motion for summary judgment (ECF No. 22) is denied;
3. Judgment is entered for plaintiff; and
4. This matter is remanded for further proceedings consistent with this order.

Dated:  July 25, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/lepeltak1503.dib.ckd